ST. PAUL, J.
 

 W. E. Seebold was engaged in the stationery and printing business. When he died, some years ago, he left a widow in community and several children, one of whom is the administratrix and accountant herein and the others the opponents.
 

 The widow, in her own right and as usufructuary, took possession of the whole estate and held it intact and going, as if her husband were still living, making no change whatever and
 
 slightly(?)
 
 increasing the amount thereof.
 

 The present administratrix and accountant (a daughter) had been an employee in the store and printshop since before her father died and up to the time of her mother’s death. Her salary was $15 per week, and for some time before her mother’s death she had been practically in charge of the whole estate and business.
 

 At her mother’s death, she applied for and was granted the administration of her mother’s estate, with authority to continue the business (a profitable one) for the time being ; all without opposition or complaint whatsoever from the other heirs.
 

 The inventory taken shows that the estate of her mother, being
 
 all the property in her possession
 
 as owner and usufructuary, amounted to over $39,000 (to wit, cash $12,-000; stocks and bonds, $14,000; merchandise, $8,000; open accounts, $5,000),
 
 exclusive of
 
 a piece of real estate standing in the name of one of 'the heirs, valued at $16,000 and
 
 said to belong
 
 to the estate, which however is
 
 neither proved nor denied,
 
 and is therefore mentioned only for what it may be worth; for,
 
 if that were a controlling issue herein,
 
 the case would he remanded to ascertain the fact. O. P. 906. But it is
 
 not
 
 a controlling issue as it suffices for the purpose of this case (in the matter of attorney’s fees) that the property which actually came into the possession and control of the administratrix amounted to nearly $40,000.
 

 Forty thousand dollars is not a very great fortune; but it is enough to prove the truth of the (East) Indian proverb, quoted by Mr. Mazureau in State v. Martin, 2 La.' Ann. 667, 690, that “He who amasses a great fortune sows the seeds of great lawsuits, which will sprout after his death.”
 

 Accordingly, soon after the death of the mother the heirs began to disagree over the division of the estate. They
 
 did agree,
 
 how
 
 *165
 
 ever, to sever their interests, and that the administratrix should purchase individually, and the other heirs should sell, at an agreed price, the going business and the stock in trade thereof (but
 
 not
 
 the. open accounts), the administratrix to account to the heirs for their portions of the price at the time of partitioning the estate. The sale was duly consummated. And it was also agreed that the estate should be partitioned
 
 amicably;
 
 but this was
 
 not
 
 done. Hence the litigation.
 

 I,
 

 In view of the large sum in
 
 cash
 
 in the possession of the administratrix, sufficient to pay all the debts and probate charges of the succession several times over, the other heirs demanded that the administratrix should deposit in the registry of the court a sum sufficient to meet those debts and charges, to the end that the heirs might obtain possession of the estate (C. C. 1012), and, after some hesitation, the administratrix finally made the deposit.
 

 But for some unexplained, and inexplicable, reason the administratrix opposed the
 
 formal
 
 putting of the heirs in possession of the estate, although all the heirs had irrevocably and unconditionally
 
 accepted
 
 the succession by selling and buying property belonging thereto. C. C. 988. And, with the same spirit of contrariness, the other heirs then objected to the administratrix
 
 filing an account
 
 and a tableau of distribution of the amount deposited at their insistence. . In the alternative, they opposed the various items thereof.
 

 II.
 

 The opposition of the administratrix to the putting in possession of the heirs was
 
 purely frivolous.
 
 C. C. 1671.
 

 The objection of thfe heirs to the
 
 filing of an account
 
 and a tableau of distribution of the amount deposited at their insistence,
 
 was equally frivolous.
 
 C. O. 1194, 1180.
 

 III.
 

 Only
 
 three
 
 items of the account and tableau of distribution are
 
 now
 
 opposed. .
 

 (1) The heirs opposed the commission allowed the administratrix, being 2% per cent, on the amount of the inventory, to wit, one-half the appraised value of the community property. This amount is
 
 fixed by law
 
 (C. 0. 1069, 1200); and the fact that the administratrix received for services rendered as clerk and manager of the business conducted by order of court (and with the full consent of the heirs) the same small stipend of $15 per week which she had been receiving all along, has no more to do with the case than “the flowers that bloom in the spring.”
 

 (2) The fees of the expert accountants who were employed to go over the accounts of the estate, including the accounts of the business establishment, would be a proper charge against the estate
 
 m any event,
 
 if their services were necessary to establish the condition of the estate; and the fact that the opponents themselves required (as shown by the evidence) that they be employed for that purpose, is
 
 conclusive upon them
 
 that the services were necessary.
 

 (S) The fee proposed for the attorney for the succession is
 
 not
 
 excessive. The
 
 estate
 
 (O. C. 448), as to which his guidance was invoked, amounted to nearly $40,000 ($56,-000?). The evidence shows that the administratrix and her coheirs for more than a year virtually “parked” themselves in his office and almost monopolized his time with the affairs of the
 
 estate.
 
 The fee ($1,000) is
 
 very
 
 reasonable.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.